OPINION
{¶ 1} Defendant-appellant, Scott Phillips (hereinafter "Phillips"), appeals the judgment of the Logan County Court of Common Pleas revoking his community control and sentencing him to a prison term of four years.
 {¶ 2} In October 2003, Phillips was indicted for three counts of kidnapping under Revised Code Sections 2905.01(A)(3), 2905.01(A)(5), and2905.01(B)(2), and one count of Aggravated Menacing under R.C. 2903.21(A). Counts one and four of the indictment also contained firearm specifications under R.C. 2941.145.
 {¶ 3} In June 2004, Phillips entered into a plea agreement with the state and pled no contest to one count of kidnapping and one firearm specification. Subsequently, the trial court sentenced Phillips to one year in prison for the firearm specification. Phillips received a suspended sentence of seven years on the kidnapping charge and five years of community control with a requirement that Phillips complete at least six months in a residential treatment center. In the plea agreement, Phillips agreed that any violation of his community control would subject him to seven years imprisonment.
 {¶ 4} After completing his one year prison term, Phillips was placed in the Western Ohio Regional Treatment and Habilitation Center (WORTH) in Lima, Ohio, for the six months residential treatment required by the joint plea agreement. Less than one month after his placement at the WORTH center, Phillips removed himself from the program.
 {¶ 5} Following Phillips removal from the program, the state filed a motion to revoke Phillips' community control on the basis that Phillips failed to complete the required six months of treatment in a residential treatment center. After conducting a hearing on the matter, the Logan County Court of Common Pleas revoked Phillips' community control and sentenced him to four years imprisonment.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it granted the state's motion to revoke Mr.Phillips's community control [1/21/05, Tr. 24].
 {¶ 6} In his first assignment of error, Phillips asserts that he withdrew from the residential treatment facility due to harassment from other inmates in the facility. Phillips argues that he was harassed based on his previous work as a deputy sheriff and that the harassment was to such an extent that his community control compliance failure is excused on the basis of necessity.
 {¶ 7} The Ohio Supreme Court has allowed the use of the affirmative defense of necessity in confinement cases. State v. Cross (1979),58 Ohio St. 2d 482, 486. The elements for the affirmative defense of necessity include:
1. the defendant was faced with a specific threat of death, forciblesexual attack, substantial bodily injury, or substantial healthimpairment in the immediate future;
 2. there was no time for complaint to the authorities or thereexisted a history of futile complaints or complete inaction whichmake any result from such complaints illusory;
 3. there was no time or opportunity to resort to the courts;
 4. there was no evidence of force or violence used toward prisonpersonnel or other `innocent' persons in the escape, and;
 5. the defendant reported to the authorities when he attained aposition of safety from the immediate threat, then the defendant will haveraised the affirmative defense of necessity.
 State v. Cross (1979), 58 Ohio St. 2d 482, syllabus. If any one of the elements is not established by sufficient proof, then the necessity defense is not available to excuse unlawful conduct. Upon review of the record, we find that Phillips has failed to establish all of the elements required for the defense of necessity.
 {¶ 8} In order to establish the first element of the defense of necessity, the threat of death or substantial harm "must be present and eminent and of such a nature that there is a well grounded apprehension of death or serious bodily injury." State v. Proctor (1977),51 Ohio App. 2d 151, 158. The record does not show that, while in residence at the WORTH center, Phillips was under an imminent threat of death or serious bodily harm. During the community control violation hearing, Phillips testified that one of his fellow residents kept challenging him "to go to the bathroom to fight there." These invitations to fight, while unwelcome, required the affirmative additional step of going to another area of the facility. Therefore, the challenges do not amount to an imminent threat but only the possibility of some fight in the future.
 {¶ 9} In the only other specific instance of a physical threat noted in the record, Phillips testified that he was approached by a co-resident in a threatening manner. However, a supervisor in the facility physically restrained the resident before any fighting could occur. Thus, the presence and action of the supervisor removed the threat before the possibility of any injury.
 {¶ 10} During his testimony, Phillips also testified about what he characterized as verbal harassment from the other residents of the facility. Phillips testified that while he resided at the WORTH center his fellow residents called him names such as "deputy dog" and would often make noises imitating the sound of a police car siren. These verbal comments do not amount to the threats of death, serious body or health injury, or sexual attack essential to the first element of the necessity defense.
 {¶ 11} Phillips argument also fails to account for the steps taken by the supervisors at the facility to control the situation. Phillips testified that during one incident a supervisor physically restrained another inmate and removed him for a short time period in order to prevent an altercation. Supervisors of the facility also reprimanded those individuals who were involved in the incidents. Since the supervisors took actions to control the situation, the second element of necessity cannot be met. Moreover, Phillips has made no showing that he did not have time to seek court intervention prior to summarily removing himself from the institution contrary to his community control sanction.
 {¶ 12} Since Phillips failed to meet the first, second, and third elements of necessity defense, we need not consider whether the remaining elements are satisfied. Phillips's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court's imposition of a term of imprisonment which wasgreater than the statutory minimum was contrary to law.
 {¶ 13} In his second assignment of error, Phillips asserts that the trial court erred in sentencing him to four years for the community control violation instead of the statutory minimum sentence of two years. Phillips contends that the trial court was required to sentence him to the minimum sentence unless he had previously served time in prison or the shortest sentence would demean the seriousness of the offense, or the shortest sentence would not adequately protect public interest. Further, Phillips asserts that the trial court was prohibited from making the necessary findings for the imposition of an increased sentence based on the Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296.
 {¶ 14} In reviewing this assignment of error, we note first that this court has previously determined that Blakely is not applicable to Ohio's statutory sentencing framework. See State v. Trubee (2005), 3d Dist. No. 9-03-65, 2005-Ohio-552.
 {¶ 15} Moreover, this court is without the authority to review the appellant's sentence. Under R.C. 2953.08(D), "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Ohio appellate courts have held that a sentence is authorized by law "as long as the prison term imposed does not exceed the statutorily prescribed maximum term for the offense." State v. Amato, 9th Dist. No. 03CA002M, 2003-Ohio-4148, ¶ 8.
 {¶ 16} In Amato, it was recognized that an appellate court is barred under R.C. 2953.08(D) from reviewing a prison sentence imposed for a violation of a community control sanction when the resulting prison sentence does not exceed the term provided for such violation in the joint sentencing recommendation of the prosecution and the defendant, which joint recommendation was the basis for the original sentence. Id at ¶ 13. This presupposes, of course, that the original sentence was authorized by law and imposed by a sentencing judge. Id.
 {¶ 17} In the case sub judice, Phillips pled guilty and was sentenced on a charge of kidnapping pursuant to the plea agreement. Kidnapping is a felony in the second degree. Under R.C. 2929.14(A)(2), the maximum penalty for a felony in the second degree is eight years. The sentencing judge sentenced Phillips to four years for his violation of community control. Since the four year prison term did not exceed the maximum allowed by law, the sentence was authorized by law. Under the plea agreement, Phillips and the State jointly recommended a prison sentence of seven years for a violation of community control. The sentencing judge imposed the sentence agreed to between Phillips and the State. The fact that the imposed sentence was actually three years shorter than what Phillips agreed to in the joint plea agreement works to his benefit rather than to his detriment.
 {¶ 18} Accordingly, this court can entertain no appeal of the sentence herein for violation of community control because the defendant agreed to the sanctions as a part of a plea agreement, the sentence is authorized by law, and the sentence is imposed by a sentencing judge. Accordingly, the Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The acts and omissions of counsel at the hearing to revoke Mr.Phillips's sentence of community control and the subsequent resentencingdeprive Mr. Phillips of his right to the effective assistance ofcounsel.
 {¶ 19} Phillips asserts that he was provided ineffective assistance of counsel at the proceedings to revoke his community control. Phillips argues that counsel failed to subpoena the proper individuals to corroborate the defendant's claims of physical and mental harassment while at the WORTH center. Further, Phillips claims that counsel should have located a different treatment program for Phillips to suggest to the trial court. Phillips also asserts that counsel failed to argue for a minimum sentence.
 {¶ 20} It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense.State v. Kole (2001), 92 Ohio St.3d 303, 306. To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 21} In order to show that an attorney's conduct was deficient or unreasonable, the appellant must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland v. Washington (1984), 466 U.S. 668, 687. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v.Sallie (1998), 81 Ohio St.3d 673, 675. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558. Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. State v. Bradley
(1989), 42 Ohio St.3d 136, 141, quoting State v. Lytle (1976),48 Ohio St.2d 391, 396.
 {¶ 22} Phillips has not met the burden for establishing ineffective assistance of counsel. In the present case, Phillips asserts that counsel failed to subpoena two WORTH supervisors, Mr. Bott and Ms. Jacobs. The record fails to reveal what either Mr. Bott or Ms. Jacobs would have testified to during the community control violation hearing and whether their testimony would have been of benefit to Phillips. However, even if the testimony of Mr. Bott and Ms. Jacobs would have corroborated Phillips's testimony, that would not have established the defense of necessity for the reasons set out under our discussion of this issue, supra. As to Phillips argument that counsel had an obligation to locate and suggest to the court a different treatment program, there is nothing in the record to suggest, let alone substantiate, that such an acceptable alternative treatment program existed.
 {¶ 23} Finally, Phillips asserts that counsel was ineffective by failing to argue for a minimum sentence during the community control violation sentencing. In the second assignment of error, we determined that this court has no authority to review the sentencing in accordance with R.C. 2953.08(D). Consequently, we need not address the ineffective assistance of counsel argument as to this issue.
 {¶ 24} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, J.J., concur.