{¶ 1} Defendant-Appellant, Scott D. Phillips, appeals the judgment of the Logan County Court of Common Pleas, re-sentencing him in order to add post-release control sanctions to his initial sentence of imprisonment. On appeal, Phillips asserts that the trial court erred by re-sentencing him and by imposing a term of imprisonment which was greater than the statutory minimum. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In September 2003, the Logan County Grand Jury indicted Phillips on one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the second degree, with a firearm specification; one count of kidnapping in violation of R.C. 2905.01(A)(5), a felony of the second degree; one count of kidnapping in violation of R.C. 2905.01(B)(1), a felony of the second degree; and, one count of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree, with a firearm specification.
 {¶ 3} In May 2004, Phillips pled not guilty by reason of insanity to all four counts of the indictment.
 {¶ 4} In June 2004, the trial court conducted a change of plea hearing, at which Phillips withdrew his plea of not guilty by reason of insanity and entered a negotiated plea of no contest to one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the second degree, with an amended firearm *Page 3 
specification, in exchange for a dismissal of the remaining counts and firearm specification.[1] In the written plea that Phillips signed, the following was included about post-release control:
 If I am sentenced to prison for a felony of the 2nd degree * * *, I will have mandatory post-release control of three (years). If I receive prison for a felony 3rd, 4th, or 5th degrees (Sic.) I may be given up to three (3) years of post-release control.
(Plea Petition, paragraph 17). However, the trial court did not inform Phillips at the change of plea hearing that he would be subject to post-release control if he received a prison sentence.
 {¶ 5} In August 2004, the trial court sentenced Phillips to a one year mandatory term of imprisonment under R.C. 2941.141 for the firearm specification, and to five years of community control for the kidnapping count. As a condition of Phillips' community control, the trial court required him to undergo inpatient psychological treatment for at least six months immediately upon his release from prison. However, while the trial court informed Phillips that a violation of his community control could result in a sentence of imprisonment, the trial court neither informed Phillips at the sentencing hearing that post-release control would follow any prison sentence nor journalized it in the subsequent *Page 4 
Judgment Entry of sentence. Phillips did not appeal his sentence.
 {¶ 6} In September 2004, after serving his mandatory one year prison term for the firearm specification, Phillips allegedly violated his community control by leaving the inpatient psychological treatment facility before completing its program. Thereafter, the State moved to revoke Phillips' community control and impose a sentence of imprisonment.
 {¶ 7} In January 2005, the trial court held a hearing on Phillips' alleged community control violation, determined that he violated his community control, revoked his community control, and sentenced him to four years of imprisonment with credit for time served. During the hearing, the trial court informed Phillips that he "may have a period of post-release control for three years" following his release from prison and explained the ramifications of a violation of post-release control to him. (Revocation Hearing Tr., p. 37). However, the trial court omitted the post-release control sanction in its subsequent Judgment Entry of sentence for the community control violation.
 {¶ 8} In February 2005, Phillips appealed the trial court's revocation of his community control and sentence of imprisonment.
 {¶ 9} In August 2005, Phillips moved for judicial release, which the trial court denied following a hearing on the matter. *Page 5 
 {¶ 10} In September 2005, this Court affirmed the trial court's revocation of Phillips' community control and sentence of imprisonment. See State v. Phillips, 3d Dist. No. 8-05-05, 2005-Ohio-4619.
 {¶ 11} In February 2006, the trial court issued an order scheduling Phillips' case for a re-sentencing hearing for March 27, 2006. Subsequently, Phillips filed a motion to vacate the trial court's order to re-sentence him, asserting that the trial court lacked jurisdiction because the sentence had become final once his appeal was overruled by this Court, and requesting, in the alternative, that the trial court re-sentence Phillips to the minimum sentence.
 {¶ 12} In March 2006, the trial court held a re-sentencing hearing, during which the trial court explained its rationale for re-sentencing Phillips:
 This matter is assigned because of a decision of the Ohio Supreme Court styled State versus Hernandez. This decision invalidated an order of post-release control because the same was not journalized. That might be simplifying the decision. That was the general tenure of it.
 The department of corrections advised the Court to review all of its sentences, and if the defendants were still in prison and the sentences do not conform with Hernandez, to re-sentence. There were over 190 individuals in prison from Logan County. Post-release control applied to approximately 150 of them, and four cases were discovered where the post-release control was not properly journalized.
 Three of them, the sentences had been properly pronounced but not properly journalized, and they were — those sentences have been corrected. And in Mr. Phillips's case, the sentence was neither properly journalized nor properly pronounced, so we're here today to address the question of post-release control. *Page 6 
(Re-sentencing Hearing Tr., p. 2).
 {¶ 13} Phillips' counsel then addressed the trial court, reiterating his position that the trial court lacked jurisdiction to re-sentence Phillips and requesting a minimum sentence in the event the trial court did have jurisdiction to re-sentence Phillips.
 {¶ 14} The State responded that the trial court had the authority to correct its sentence, providing:
 [T]his is not a substantive correction but only advises the defendant of the term of the post-release control. The record reflects that the Court did advise the defendant of post-release control, of the consequences of violation of post-release control; this sentence is solely to advise the defendant of the duration that the post release control may be.
(Re-sentencing Hearing Tr., p. 5).
 {¶ 15} The trial court then re-sentenced Phillips, providing:
 Mr. Phillips, the Court has sentenced you several times. The first sentencing was on August * * * 2nd of 2004, and that was after you had entered a plea and signed a plea petition. That plea petition was filed in this court on June 4th of 2004, and in the plea petition, paragraph 17, the substance of post-release control was explained to you in detail and you signed the plea petition.
 The judgment entry of sentencing on page two did not accurately reflect the law, and on the second page of the sentencing it said violation of any of this sentence shall lead to a more restrictive sanction or a longer sanction or a prison term of seven years. And then it went on to say that the defendant is notified that if a prison term is imposed for a violation of the community control, the parole board may extend the prison sentence up to one half the stated prison term. *Page 7 
 So, the Court's pronouncement and the journalization of it was not entirely accurate, and at this time the Court is going to reaffirm its decision of a four year prison sentence, giving you the credit as we did on January 21st of 2005, and the Court will advise you of your post-release control sanctions. After you're released from prison, you may have a period of post-release control for three years following your release from prison.
(Re-sentencing Hearing Tr., pp. 6-7). The trial court then explained to Phillips the ramifications of a violation of post-release control.
 {¶ 16} Following the hearing, the trial court issued a decision, which provided:
 After the announcement of the [Hernandez] decision the Department of Corrections advised courts to review their sentencing entries for all of those individuals still incarcerated. This Court, in several cases, put on corrective entries stating the correct number of years of post-release control when a review of the transcript of sentencing indicated that the defendant was properly notified of post-release control at the time of his sentencing but the entry misstated what the Defendant was notified of at hearing.
 In this case, the sentencing entries did not include proper notices for post-release control and the Court erroneously concluded that the Defendant had not been properly notified of post-release control at the sentencing hearing. Accordingly, the Court returned the Defendant from the institution and had a re-sentencing hearing on March 27, 2006, at which time the Defendant was notified of his post-release control sentence.
 * * * However, the Court has reviewed further the transcripts involved in this case and finds that on the sentencing on January 21, 2005, when the Defendant * * * was sentenced for violating the terms and conditions of his community control to the four year sentence he is currently serving, the Court properly notified the Defendant of his post-release control. *Page 8 
 From a reading of the Hernandez case the Court believes that it can correct its journal entry while the Defendant is still incarcerated on the initial sentence. The Court requests the State to submit an amended sentencing entry from the sentencing of January 21, 2005. On the question raised in the Defendant's motion to modify the sentence filed March 27, 2006, the Court is not inclined to modify its sentence even if it had the jurisdiction to do so.
(March 30, 2006 Decision, pp. 1-2).
 {¶ 17} In April 2006, the trial court issued a nunc pro tunc judgment entry to correct its original August 2004 judgment entry of sentencing in order to add "[u]pon release from prison, post-release control is optional in this case up to a maximum of three (3) years," as well as the ramifications of a violation of post-release control. (Nunc Pro Tunc Entry, pp. 2-3).
 {¶ 18} It is from the March 2006 re-sentencing judgment that Phillips appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RE-SENTENCEDAPPELLANT. Assignment of Error No. II THE TRIAL COURT'S IMPOSITION OF A TERM OF IMPRISONMENTWHICH WAS GREATER THAN THE STATUTORY MINIMUM WAS CONTRARY TOLAW. *Page 9 Assignment of Error No. I {¶ 19} In his first assignment of error, Phillips contends that the trial court erred as a matter of law when it re-sentenced him. Specifically, Phillips asserts that the trial court lacked authority to correct its error because the January 2005 sentence had become final; that, even if the sentence was void, it could only be challenged on the direct appeal, which the State failed to do, and any attempt to do so now is barred by res judicata or collateral estoppel; and, that the trial court's error in imposing discretionary rather than mandatory post-release control was reversible error.
 {¶ 20} First, Phillips contends that the trial court lacked the authority to sua sponte resentence him because he had already begun serving his January 2005 prison sentence; thus, his January 2005 sentence had become final. In support of his argument, Phillips correctly states the general rule that "once a sentence has been executed, the trial court loses jurisdiction to amend or modify the sentence." State v. Carr, 3d Dist. Nos. 14-05-48 to 14-05-50,2006-Ohio-3073, ¶ 3, citing State v. Garretson (2000),140 Ohio App.3d 554; See also, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, ¶ 18. Execution of a sentence "begins when the defendant is delivered to the institution where the sentence is to be served."Carr, 2006-Ohio-3073 at ¶ 3. *Page 10 
 {¶ 21} However, Ohio courts have recognized two narrow exceptions to this general rule, which allow trial courts to retain continuing jurisdiction over a criminal case. Cruzado, 111 Ohio St.3d at ¶ 19, citing Garretson, 140 Ohio App.3d at 559; State v. Ramey,136 Ohio Misc.2d 24, 2006-Ohio-885, ¶ 8. First, a trial court retains jurisdiction to correct a void sentence. Garretson,140 Ohio App.3d at 559, citing State v. Beasley (1984), 14 Ohio St.3d 74, 75;Cruzado, 111 Ohio St.3d at ¶ 19. A sentence is rendered a nullity or void when a court attempts to "disregard statutory requirements when imposing a sentence." Beasley, 14 Ohio St.3d at 75.
 {¶ 22} Second, a trial court retains jurisdiction to "correct clerical errors in judgment." Cruzado, 111 Ohio St.3d at ¶ 19;Garretson, 140 Ohio App.3d at 559; Crim.R. 36. "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Cruzado, 111 Ohio St.3d at ¶ 19, citing State v. Brown
(2000), 136 Ohio App.3d 816, 819-20. Nunc pro tunc entries are the method utilized to correct such clerical mistakes; however, "nunc pro tunc entries `are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'" Id., citing State ex re. Mayer v. Henson, 97 Ohio St.3d 276,2002-Ohio-6323, ¶ 14, quoting State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 164. *Page 11 
 {¶ 23} Regarding imposition of post-release control, the Ohio Supreme Court has held that a trial court's failure to properly notify an offender about post-release control constitutes a void sentence and, therefore, falls under the first exception. State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 25; Cruzado, 111 Ohio St.3d at ¶ 20. Specifically, the Supreme Court held that the statute governing sentencing hearings, R.C. 2929.19,[2] requires a trial court, when sentencing a felony offender to a prison term, to notify the offender about post-release control both at the sentencing hearing and by incorporating it into its sentencing entry. Jordan, 104 Ohio St.3d at paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary under R.C. 2967.28. Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, ¶ 18; Jordan, 104 Ohio St.3d at paragraph two of the syllabus.
 {¶ 24} The appropriate remedy for improper notification of post-release control is to re-sentence the offender, Cruzado, 111 Ohio St.3d at ¶ 21; Jordan, *Page 12 
104 Ohio St.3d at ¶ 23, and such re-sentencing "does not violate double jeopardy restraints." Ramey, 136 Ohio Misc.2d at ¶ 9, quoting Brook Parkv. Necak (1986), 30 Ohio App.3d 118, 119-20. Thus, solely issuing a nunc pro tunc entry will not suffice.
 {¶ 25} However, a trial court may only re-sentence an offender to give the required notice of post-release control if the offender's sentence has not yet expired. Cruzado, 111 Ohio St.3d at ¶ 28;Hernandez, 108 Ohio St.3d at ¶¶ 31-32.
 {¶ 26} Here, the trial court informed Phillips at the January 2005 sentencing hearing on his violation of community control that he "may have a period of post-release control for three years" following his release from prison. However, the trial court failed to incorporate the notice about post-release control in its sentencing entry. Consequently, Phillips' sentence was rendered void. Subsequently, Phillips began serving his four-year prison term, which has not yet expired. Accordingly, the trial court re-sentenced Phillips.[3] Thus, we find that the trial court retained its jurisdiction to re-sentence Phillips and that re-sentencing was the proper method to correct his void sentence. *Page 13 
 {¶ 27} Next, Phillips argues that, even if his sentence was void and the trial court had jurisdiction to correct it, the trial court could only do so if the State raised the issue on direct appeal, which it failed to do.
 {¶ 28} In our review of the various Supreme Court cases dealing with a trial court's failure to notify an offender about post-release control either during the sentencing hearing or in the sentencing entry, we cannot find any support for Phillips' argument. In fact, in the Supreme Court's recent Cruzado opinion, the trial court there, like the trial court here, sua sponte held a hearing and re-sentenced the defendant after realizing that it failed to journalize its notice about post-release control. Cruzado, 111 Ohio St.3d at ¶ 9. The defendant, Cruzado, challenged the trial court's re-sentencing by filing a writ of habeas corpus action, rather than directly appealing the re-sentencing. The Supreme Court held that a writ of habeas corpus was improper because Cruzado could have challenged the trial court's jurisdiction to re-sentence through a direct appeal; however, it did not hold that the trial court could only re-sentence Cruzado on a direct appeal. Indeed, Cruzado did not appeal his original sentence, and the State had not raised the issue. Nevertheless, the Supreme Court found that the trial court had jurisdiction to re-sentence Cruzado because the sentence was void. Thus, we find that Phillips' assertions that the trial court could only re-sentence him on direct appeal, and that the State had to raise the issue, lack merit. *Page 14 
 {¶ 29} Finally, Phillips argues that the trial court's error was reversible error because the trial court improperly stated that he may be subject to post-release control instead of providing that he shall be subject to it as required under R.C. 2967.28.
 {¶ 30} Reversible error is error that is prejudicial to a defendant's substantial rights. State v. Dice, 3d Dist. No. 9-04-41, 2005-Ohio-2505, ¶ 37. Conversely, harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights." Crim.R. 52(A). Stated differently, harmless error "is any error that does not affect the outcome of the case and, thus, does not warrant a judgment overturned or set aside." State v. Brown, 100 Ohio St.3d 51,2003-Ohio-5059, ¶ 25.
 {¶ 31} R.C. 2967.28 governs post-release control and provides, in pertinent part:
 (B) Each sentence to a prison term for a felony of the * * * second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board * * *, a period of post-release control required by this division for an offender shall be of one of the following periods:
 * * * (2) For a felony of the second degree that is not a felony sex offense, three years;
 * * * (C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be *Page 15 subject to a period of post-release control of up to three years after the offender's release from imprisonment.
R.C. 2967.28(B)-(C), (emphases added).[4] Thus, under R.C.2967.28(B)(2), an offender is subject to a mandatory period of three years of post-release control if sentenced to a prison term for committing a second degree felony that is not a sex offense, whereas an offender sentenced to a prison term for a lesser degree felony not falling under R.C. 2967.28(B)(1) or (3) is subject to a discretionary period of up to three years of post-release control.
 {¶ 32} "[T]he preeminent purpose of R.C. 2967.28 [is] that offenders subject to post-release control know at sentencing that their liberty could continue to be restrained after serving their initial sentences."Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 52; see also,Hernandez, 108 Ohio St.3d at ¶ 31. Thus, for purposes of adequate notice, "the distinction between discretionary and mandatory post-release control is one without a difference." Jordan, 104 Ohio St.3d at ¶ 22; see also, Collins, 111 Ohio St.3d at ¶ 51;Cruzado, 111 Ohio St.3d at ¶ 26.
 {¶ 33} Here, the trial court sentenced Phillips to a four year prison term for the kidnapping count, a second degree felony, at the January 2005 hearing for his violation of community control. Under R.C.2967.28(B)(2), the trial court was *Page 16 
required to sentence Phillips to a mandatory term of three years of post-release control following his release from prison. Instead, the trial court incorrectly informed Phillips at the re-sentencing hearing that he "may have a period of post-release control for three years following [his] release from prison," and provided in its nunc pro tunc entry that post-release control was "optional" for a period "up to a maximum of three (3) years."
 {¶ 34} However, as noted above, the Supreme Court has made clear that some notice of post-release control by the trial court at both the sentencing hearing and in the sentencing entry is adequate to notify an offender that he may face a period of post-release control following release from prison. Thus, despite the trial court's error in providing that post-release control was discretionary rather than mandatory, it nonetheless adequately notified Phillips that he may face post-release control upon his release from prison.[5] Therefore, we find that the trial court's error was harmless error, not reversible error.
 {¶ 35} Accordingly, we overrule Phillips' first assignment of error. *Page 17 
 Assignment of Error No. II {¶ 36} In his second assignment of error, Phillips contends that the trial court's imposition of a term of imprisonment that was greater than the statutory minimum was contrary to law. Specifically, Phillips asserts that the trial court could not have imposed more than the minimum term of imprisonment without engaging in judicial fact-finding in violation of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and that he could not knowingly plead no contest to an unconstitutional sentence. We disagree.
 {¶ 37} The Foster Court addressed constitutional issues concerning felony sentencing. The Court held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C.2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender before imposing more than the minimum sentence. Foster, 109 Ohio St.3d at ¶ 61. However, the Foster Court also limited retroactive application of its holdings to cases on direct review. Id. at ¶ 104. Furthermore, theFoster Court severed certain provisions of Ohio's sentencing scheme it deemed unconstitutional, including R.C. 2929.14(B), and held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer *Page 18 
required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 38} Here, Phillips argues that the trial court could not have imposed more than the minimum sentence without engaging in judicial fact-finding. Phillips seems to challenge the trial court's imposition of more than the minimum sentence at both the January 2005 sentencing hearing and the March 2006 re-sentencing hearing. However, Phillips already challenged his January 2005 sentence on direct appeal. SeeState v. Phillips, 3d Dist. No. 8-05-05, 2005-Ohio-4619. Thus,Foster is inapplicable to his January 2005 sentence given his case was not pending on direct appeal when the Supreme Court decidedFoster.
 {¶ 39} Furthermore, Phillips' re-sentencing occurred on March 27, 2006, after the Supreme Court announced its decision in Foster on February 27, 2006. Thus, pursuant to Foster, the trial court acted within its discretion by imposing a prison sentence within the statutory range of two to eight years for a second degree felony. See R.C.2929.14(A)(2). In doing so, the trial court did not make any findings in re-sentencing Phillips to a four year term of imprisonment. Moreover, the sentencing range for second degree felonies has remained unchanged, so Phillips had notice of the potential sentence for his offense. Thus, we find that the trial court did not engage in judicial fact-finding in violation of Foster by imposing more than the minimum sentence of imprisonment. *Page 19 
 {¶ 40} Additionally, Phillips argues that he could not have knowingly entered into a no contest plea agreement that subjected him to an unconstitutional sentence. Basically, Phillips' assertion constitutes a request to withdraw his plea of no contest on the grounds that he did not knowingly enter into it. However, Phillips did not raise this issue or file a motion to withdraw his no contest plea with the trial court.
 {¶ 41} "It is axiomatic that a defendant may not bring up an issue for the first time on appeal." State v. Harmon, 3d Dist. No. 8-04-01,2004-Ohio-4012, ¶ 16. Thus, a defendant's failure to raise an issue before the trial court "operates as a waiver of his right to assert it for the first time on appeal." Hypabyssal, Ltd. v. Akron Hous. AppealsBd. (2000), 9th Dist. No. 20000, 2000 WL 1729471, citing State ex rel.Zollner v. Indus. Comm. (1993), 66 Ohio St.3d 276, 278. See also App.R. 12(A)(2) and App.R. 16(A)(7).
 {¶ 42} Here, Phillips' re-sentencing occurred on March 27, 2006, a month after the Supreme Court decided Foster. Phillips could have either challenged his no-contest plea based upon Foster during the trial court's re-sentencing hearing or filed a motion with the trial court, but he failed to do so. Thus, we find that Phillips waived his right to challenge whether he knowingly entered his no-contest plea on appeal.
 {¶ 43} Accordingly, Phillips' second assignment of error is overruled. *Page 20 
 {¶ 44} Finding no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and GEORGE, J.J., concur.
[1] We note that in our opinion affirming the trial court's revocation of Phillips' community control, we erroneously stated that he entered a guilty plea rather than a no contest plea. See State v. Phillips, 3d Dist. No. 8-05-05, 2005-Ohio-4619, ¶ 17. However, the record clearly indicates that Phillips entered a no contest plea to the kidnapping count and amended firearm specification.
[2] R.C. 2929.19 provides in pertinent part:
 [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 * * * (c) Notify the offender that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *;
 (d) Notify the offender that the offender may be supervised under [R.C. 2967.28] after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree * * *.
R.C. 2929.19(B)(3)(c)-(d).
[3] Although the trial court issued a nunc pro tunc entry to correct its error, the trial court did not correct the error as a mere "clerical mistake" because it also held a re-sentencing hearing before issuing the new order, which the Supreme Court has deemed the appropriate method of correction in this situation. See Cruzado, 111 Ohio St.3d 353.
[4] R.C. 2967.28 has since been amended, effective July 11, 2006. The version we cite is the version in effect at all times relevant to this case.
[5] Moreover, following the Hernandez decision, the General Assembly amended R.C. 2967.28, as noted in footnote 4. R.C. 2967.28 now provides that a sentencing court's failure "`to notify the offender * * * of this [mandatory post-release control] or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division.'" Cruzado, 111 Ohio St.3d at ¶ 29, quoting R.C. 2967.28(B) as amended by Am. Sub. H.B. No. 137. *Page 1