OPINION
{¶ 1} Defendant-appellant, Michael S. Sharpless, appeals the decision of the Portage County Court of Common Pleas, informing him that he would be subject to a period of post-release control following his release from prison, at a resentencing hearing conducted pursuant to R.C.2929.191. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On February 13, 1997, Sharpless was indicted on one count of Conspiracy to Commit Aggravated Murder, a felony of the first degree in violation of R.C. 2903.01 and R.C. 2923.01. On April 28, 1997, following a jury trial, Sharpless was found guilty of Conspiracy to Commit Aggravated Murder. On May 30, 1997, the trial court sentenced Sharpless to a definite term of imprisonment of nine years. The trial court failed to notify Sharpless, both at the sentencing hearing and in its judgment entry that he would be subject to a mandatory period of post-release control, pursuant to R.C. 2967.28. The facts underlying Sharpless' conviction are detailed in this court's decision in Sharpless' direct appeal. State v. Sharpless (Dec. 18, 1998), 11th Dist. No. 97-P-0065, 1998 Ohio App. LEXIS 6162.
 {¶ 3} On June 29, 2006, the prosecuting attorney filed a State's Motion for a R.C. 2929.191(C) Hearing, requesting "a nunc pro tune order to correct the May 30, 1997 order and journal entry that incorporates post release control notification."
 {¶ 4} On August 15, 2006, the trial court, over Sharpless' objection, conducted a resentencing hearing and advised him that he would be subject to post-release control. On August 17, 2006, the trial court entered an Order and Journal Entry Nunc Pro Tunc stating: "The Court * * * notified the Defendant that after his release from prison, the Defendant may be supervised under post release control R.C. 2967.28. The Court further notified the Defendant that if the Defendant violates the terms of the post-release control, the Defendant could receive an additional prison term not to exceed 50 percent of his original prison term."
 {¶ 5} Sharpless timely appeals and raises the following assignments of error. *Page 3 
 {¶ 6} "[1.] Defendant was denied due process of law when the court granted the State's motion for a nunc pro tune order to supply an omission.
 {¶ 7} "[2.] Defendant was denied his rights under the Fifth Amendment where his sentence was increased after he had commenced service of his sentence.
 {¶ 8} "[3.] Defendant was denied his constitutional rights when the court proceeded to apply a 2006 statute in an ex-post facto and retroactive manner.
 {¶ 9} "[4.] Defendant was denied due process of law when the court journalized a nunc pro tune entry as if it had occurred in 1997.
 {¶ 10} "[5.] Defendant was denied due process of law when the court failed to apply res judicata to claims for an increase of sentence adding post-release control.
 {¶ 11} "[6.] Defendant was denied due process of law when the court failed to grant defendant his right of allocution and did not properly inform him concerning post-release control."
 {¶ 12} Sharpless' appeal challenges the trial court's ability to hold a re-sentencing hearing to correct its failure to advise him that post release control was a part of his sentence.
 {¶ 13} When imposing a prison term, the sentencing court must "[n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree." R.C.2929.19(B)(3)(c); cf. former R.C 2967.28(B) ("[e]ach sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment"); Woods v. Telb, *Page 4 89 Ohio St.3d 504, 2000-Ohio-171, at paragraph two of the syllabus and 512 ("post-release control is part of the original judicially imposed sentence").
 {¶ 14} At Sharpless' original sentencing, the trial court failed to notify him that he would be under post release control. In State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, the Ohio Supreme Court held, "[w]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at paragraph two of the syllabus. In Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, the Supreme Court applied its holding in Jordan to the situation here, where the trial court failed to notify the offender about post release control at the sentencing hearing and in its judgment entry, and held that the Adult Parole Authority lacked authority to impose post release control. Id. at ¶ 27.
 {¶ 15} Based on the Supreme Court's holding in Jordan, trial courts began holding re-sentencing hearings to correct invalid sentences, where the offender had not been properly advised of post release control. See, e.g. State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795; State v. Phillips, 3rd Dist. No. 8-06-14, 2007-Ohio-686;State v. Ramey, 10th Dist. No. 06AP-245, 2006-Ohio-6429.
 {¶ 16} In resentencing Sharpless, the trial court followed the procedure set forth in R.C. 2929.191, effective July 11, 2006. Sharpless' assignments of error essentially challenge the constitutionality of this statute. *Page 5 
 {¶ 17} Pursuant to R.C. 2929.191, "[i]f * * * a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1).
 {¶ 18} "If a court prepares and issues a correction to a judgment as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction * * *. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised * * *." R.C. 2929.191(A)(2). *Page 6 
 {¶ 19} "[A] court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) * * * of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction." R.C. 2929.191(C).
 {¶ 20} "It is a `well-settled principle of statutory construction that where constitutional questions are raised, courts will liberally construe a statute to save it from constitutional infirmities.'"Woods, 89 Ohio St.3d at 516 (citations omitted). Further, "[i]n enacting a statute, it is presumed that * * * [compliance with the constitutions of the state and the United States is intended." R.C. 1.47(A).
 {¶ 21} In Sharpless' first and fourth assignments of error, he argues the trial court's correction of his "judgment of conviction," to include notification of post release control, violates his rights of due process.
 {¶ 22} In Cruzado, the Ohio Supreme Court considered a trial court's authority to correct a sentence that failed to provide notification of post release control. The Supreme Court stated there were two exceptions to the general rule that a trial court lacks authority to reconsider its own final judgment in a criminal case. "First, a trial court is authorized to correct a void sentence." 2006-Ohio-5795, at ¶ 19
(citation omitted). "Second, a trial court can correct clerical errors in judgments. * * * Although *Page 7 
courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, `nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."`" Id. (citations omitted).
 {¶ 23} The Supreme Court justified the trial court's correction of its prior sentencing entry under the first exception, on the grounds that an offender's sentence is void where the sentencing court fails to comply with the statutory requirements. Id. at ¶ 20, citing State v.Beasley (1984), 14 Ohio St.3d 74, 75. The trial court also noted that the lower court had not simply corrected a clerical mistake, but had held a sentencing hearing before correcting the entry, as mandated byJordan. Id. at ¶ 20 n. 1. The only restriction on a trial court's continuing jurisdiction to correct a sentencing entry regarding post release control is that the court may not correct a sentence after the expiration of the offender's original sentence. Hernandez,2006-Ohio-126, at ¶ 28.
 {¶ 24} Although the Supreme Court in Cruzado distinguished between correcting a "void sentence" and correcting "clerical mistakes" through a nunc pro tunc entry, this distinction was not crucial to a trial court's ability to correct the sentence. "Whether, technically speaking, this is considered a correction of a void judgment or merely as a correction of a clerical mistake, either type of alteration to the original judgment entry is permitted by well-established Ohio law." Id. at ¶ 28, citing State v. Ramey, 136 Ohio Misc.2d 24, 2006-Ohio-885, at ¶ 16.
 {¶ 25} By following the provisions of R.C. 2929.191, the trial court utilized both means of correcting the judgment entry identified inCruzado, i.e. it held a *Page 8 
resentencing hearing, at which Sharpless was present and able to raise objections, and it issued a nunc pro tunc entry. Although a resentencing hearing is technically the correct approach, there is no harm or impingement of Sharpless' due process rights where the trial court holds a hearing and issues a nunc pro tunc entry. Cf. Phillips, 2007-Ohio-686, at ¶ 26 n. 3, citing Cruzado, 2006-Ohio-5795, at ¶ 28 ("Although the trial court issued a nunc pro tunc entry to correct its error, the trial court did not correct the error as a mere `clerical mistake' because it also held a re-sentencing hearing before issuing the new order, which the Supreme Court has deemed the appropriate method of correction in this situation.").
 {¶ 26} The first and fourth assignments of error are without merit.
 {¶ 27} Under the second assignment of error, Sharpless argues that the correction of his sentence to include notification of post release control violates his rights under the Fifth Amendment to the United States Constitution (Double Jeopardy) by increasing his sentence after it had become final.
 {¶ 28} This argument was rejected by the Ohio Supreme Court in itsJordan decision, which expressly allowed trial courts to correct judgments that failed to include notification of post release control after the commencement of the underlying sentence. The Supreme Court cited to its Beasley decision for the proposition that "the trial court's correction of its statutorily improper sentence did not violate the constitutional guarantee to be free from double jeopardy."2004-Ohio-6085, at ¶ 24, citing Beasley, 14 Ohio St.3d at 75. The Court noted that "[t]he court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of sentence." Id. at ¶ 26. *Page 9 
 {¶ 29} Appellate courts, both before and after the enactment of R.C.2929.191, have consistently held that resentencing to correct deficient notice of post release control does not violate double jeopardy.State v. Bloomer, 6th Dist. No. F-06-012, 2007-Ohio-1039, at ¶ 9
(citations omitted); State v. Rich, 5th Dist. No. 2006 CA 00171,2007-Ohio-362, at ¶ 11 (citations omitted); Phillips, 2007-Ohio-686, at ¶ 24 (citations omitted); Ramey, 2006-Ohio-6429, at ¶ 16 (citations omitted)
 {¶ 30} The second assignment of error is without merit.
 {¶ 31} Under the third assignment of error, Sharpless argues the retroactive application of R.C. 2929.191 to his sentence violates the Ex Post Facto Clause.
 {¶ 32} The Ex Post Facto Clause "applies only to penal statutes which disadvantage the offender affected by them." State v. Walls,96 Ohio St.3d 437, 2002-Ohio-5059, at ¶ 21 (citation omitted). In particular, the clause implicates "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Id. at ¶ 22 (citation omitted) (emphasis sic).
 {¶ 33} The various Supreme Court pronouncements about a trial court's ability to correct a sentence to include notification of post release control make it clear that such correction does not change or enhance the punishment, as claimed by Sharpless. In Woods, the Supreme Court stated "post-release control is part of the original judicially imposed sentenced." 89 Ohio St.3d at 512. In Jordan, the Supreme Court emphasized that the intent of the General Assembly, as evidenced by the "plain language" of the post release control statutes, is "to make all incarcerated felons subject to mandatory or discretionary postrelease control." 2004-Ohio-6085, at ¶ 21. "Therefore, the distinction between discretionary and mandatory postrelease *Page 10 
control is one without difference with regard to the duty of the trial court to notify the offender at the sentencing hearing and to incorporate postrelease control notification into its journal entry." Id. at ¶ 22. "The court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence." Id. at ¶ 26.
 {¶ 34} Subsequently, in Hernandez, the Supreme Court rejected the argument that Jordan could not be applied retroactively to cases where the sentence had become final before the Jordan decision was issued.2006-Ohio-126, at ¶ 24.
 {¶ 35} Finally, in Cruzado, the Supreme Court reaffirmed the authority of a trial court "to correct [an] invalid sentence to include the appropriate, mandatory postrelease-control term." 2006-Ohio-5795, at ¶ 28. The Supreme Court further noted that the procedure followed by the trial court in correcting the invalid sentence was similar to the procedure contained in R.C. 2929.191. Id. at ¶ 29.
 {¶ 36} In none of these cases does the Supreme Court suggest that the "correction" of an invalid sentence enhances the offender's punishment. Nor is there any indication that an "after-the-fact" correction of a sentence to include notice of post release control, whether done pursuant to statute or Jordan, violates the constitution. See, alsoState v. Bankhead, 1st Dist. No. C-060480, 2007-Ohio-1314, at ¶ 12
(holding R.C. 2929.191 is "remedial, and not substantive, and, therefore, may be applied retroactively"); State v. Williams, 12th Dist. No. CA2006-04-014, 2007-Ohio-685, at ¶ 9; Ramey, 2006-Ohio-6429, at ¶ 14 ("in such cases, the sentencing court on remand is not modifying the sentence, but correcting a statutorily incorrect *Page 11 
sentence"); State v. Fitzgerald, 8th Dist. No. 86443, 2006-Ohio-6575, at ¶ 43 ("[l]aws of a remedial nature may be applied retroactively").
 {¶ 37} We further note, in the present case, Sharpless was subject to a mandatory period of post release control of five years, based on his conviction for a felony of the first degree. R.C. 2967.28(B)(1). The trial judge possessed no discretion to alter this period of post release control. Thus, the trial court's correction of its judgment entry merely subjected Sharpless to the same penalty to which he was already subject under the statute.
 {¶ 38} The third assignment of error is without merit.
 {¶ 39} Under the fifth assignment of error, Sharpless argues that his sentence is res judicata and cannot be enhanced by the imposition of post release control. It has been shown above, however, that the Ohio Supreme Court recognizes an exception to the doctrine of res judicata to correct an invalid sentence. Cruzado, 2006-Ohio-5795, at ¶ 19. It has also been demonstrated above that the corrected sentence does not constitute an enhancement of the penalty.
 {¶ 40} As to Sharpless' argument that the State had the opportunity to raise the issue in prior appeals of this case, we point out that R.C.2929.191 authorizes the trial court to correct a sentence "at any time before the offender is released from imprisonment." R.C. 2929.191(A)(1);State v. Leonard, 11th Dist. No. 2006-A-0064, 2007-Ohio-1545, at ¶ 18
(pursuant to R.C. 2929.191(A)(1), "a trial court may now resentence an offender prior to the expiration of his original stated prison term in order to notify him regarding postrelease control"); Phillips,2007-Ohio-686, at ¶ 28 ("assertions that the trial court could only re-sentence [the offender] on direct appeal, *Page 12 
and that the State had to raise the issue, lack merit"); cf.Hernandez, 2006-Ohio-126, at ¶ 28.
 {¶ 41} The fifth assignment of error is without merit.
 {¶ 42} Under his sixth assignment of error, Sharpless argues the trial court erred by not fully explaining the extent of his post release control, but, rather, merely informing him that he would be subject to post release control pursuant to R.C. 2967.28 and that, if he violates post release control, he could receive an additional prison term not to exceed fifty percent of the original prison term.
 {¶ 43} We find the trial court's notice sufficient for the purposes of informing an offender that he will be subject post release control. Neither the statute nor case law requires a sentencing court to provide precise information about the conditions of post release control. SeeCruzado, 2006-Ohio-5795, at ¶ 26 (approving the notice given at a resentencing hearing although the trial judge "misstated" the duration of post release control); Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, at ¶ 53 (finding the notice sufficient although "mistakenly" indicating post release control was discretionary);Phillips, 2007-Ohio-686, at ¶ 33 (trial court "incorrectly" advised the offender that post release control would be discretionary).
 {¶ 44} Sharpless also argues under this assignment of error that he was denied his right of allocution as provided for Crim.R. 32(A)(1). We disagree. Criminal Rule 32 "does not apply to resentencing." State v.Huber, 8th Dist. No. 85082, 2005-Ohio-2625, at ¶ 8 (citation omitted);Booker v. Engle (S.D.Ohio 1982), 535 F.Supp. 1300, 1302-1303 ("nothing in the language of Rule 32 * * * or the cases *Page 13 
construing [the] same * * * suggests] that the procedures set forth therein for original sentencing must be followed and repeated for resentencing").
 {¶ 45} The sixth assignment of error is without merit.
 {¶ 46} For the foregoing reasons, the decision of the Portage County Court of Common Pleas, correcting Sharpless' sentencing entry to include notice of post release control, is affirmed.
 WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur. *Page 1