OPINION
{¶ 1} Defendant-appellant, Anthony Wayne Wilson, appeals the sentence imposed by the Clermont County Court of Common Pleas after he was found guilty of passing bad checks, grand theft and receiving stolen property.
 {¶ 2} On January 28, 2004, appellant deposited a $96,920 "Canadian Postal Service Money Order" into his savings account at Sharefax Credit Union. A bank teller informed appellant that the money order was subject to a ten-day hold while it was cleared through the Federal Reserve. Appellant phoned the bank during this waiting period and asked if he could withdraw part of the money, but the bank denied his request. The waiting period was extended to February 18, 2004 when Sharefax discovered that because the instrument was a foreign money order, it had to be cleared through PNC Bank.
 {¶ 3} On February 18, appellant appeared at Sharefax and withdrew $90,000 of the money from the account in cash. On the same day, appellant purchased a new Ford F-350 pickup truck with cash. He also paid for a period of time in advance for a hotel room at the In Town Suites in Fairfield, Ohio and purchased an engagement ring. On March 2, Sharefax received a letter from PNC, informing them that the money order was counterfeit.
 {¶ 4} Appellant claimed that he received the money order after he responded to an e-mail soliciting his help in claiming money from a Nigerian bank. He claimed that he did not spend the money, but gave it to two black men who were couriers for another man involved in the Nigerian bank scam. He claimed that the purchase of the truck was made with money he had been saving for several years and that he kept in a safe on a family farm in Kentucky.
 {¶ 5} Appellant was indicted on three charges: passing bad checks, grand theft and receiving stolen property. A jury found him guilty of all three charges. The trial court sentenced appellant to 18 months on each of the three charges. The court ordered the grand theft and receiving stolen property sentences to run concurrently to each other and consecutively to the passing bad checks sentence. Appellant now appeals the trial court's sentencing decision and raises three assignments of error for our review.
 {¶ 6} We begin with appellant's second assignment of error, in which he contends that the trial court erred by convicting him of both theft by deception (count 2) and receiving stolen property (count 3) because the two are allied offenses of similar import.
 {¶ 7} Ohio's allied offense statute, R.C. 2941.25, protects against multiple punishments for the same criminal conduct, which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. State v. Copeland, Butler App. No. CA2003-12-320, 2005-Ohio-5899, ¶ 91. The statute provides:
 {¶ 8} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 9} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where this conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25
 {¶ 10} When considering whether offenses are of similar import under R.C. 2941.25(A), a court must compare the statutorily defined elements of the offenses and determine whether they "correspond to such a degree that the commission of one crime will result in the commission of the other." State v.Rance, 85 Ohio St.3d 632, 639, 1999-Ohio-291, quoting State v.Jones, 78 Ohio St.3d 12, 13, 1997-Ohio-38. If the elements so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with a separate animus. Rance at 638-39; State v. Alvarez,
Butler App. No. CA2003-03-067, 2004-Ohio-2483.
 {¶ 11} Appellant argues that theft by deception and receiving stolen property are allied offenses of similar import. We agree. In examining this issue, the Ohio Supreme Court determined that, "[a]lthough receiving stolen property is technically not a lesser included offense of theft, receiving stolen property and theft of the same property are clearly allied offenses of similar import."State v. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 99. In fact, the state concedes this point in its brief.
 {¶ 12} Moreover, the trial court recognized that the two offenses were allied offenses of similar import when appellant raised the issue at sentencing. At the beginning of the sentencing hearing, appellant's counsel raised this issue, arguing that all three guilty findings should merge as allied offenses. Defense counsel stated that he believed certainly that the theft and stolen property charge should merge. The trial court agreed with this statement, replying, "I agree, and as far as sentencing goes, as I'm permitted to do, I will merge them by way of sentence as to Counts 2 and 3."
 {¶ 13} Defense counsel then discussed various cases to support his argument that all three charges should merge. After some discussion, the trial court determined, "I think the theft and the receiving stolen property do merge. I do not believe the receiving stolen property and the passing bad check merge. I think * * * that they require separate animus, particularly after Mr. Wilson was made aware that the check * * * was bad, and continued to hold onto the property."
 {¶ 14} When pronouncing the sentence, the court again stated, "noting that counts 2 and 3 — as far as I'm concerned in my review of the law — 2 and 3 do merge." However, when the court actually pronounced the sentence, it stated that appellant would serve 18 months in prison on Count 1 and "Counts 2 and 3, 18 months, Counts 2 and 3 will be served concurrently with each other, but Count 1 will be served consecutive to Counts 2 and 3, so that will be a total of 3 years in prison."
 {¶ 15} Although the trial court indicated that it was going to merge the offenses, it instead ordered the sentences to run concurrently, so that appellant was sentenced on each count instead of one offense merging into the other as required for allied offenses of similar import. See State v. Crowley,151 Ohio App.3d 249, 2002-Ohio-7366. Therefore, we sustain appellant's second assignment of error and remand for resentencing. On remand, the trial court must merge one offense into the other, so that appellant is convicted on only one of the offenses.
 {¶ 16} In appellant's third assignment of error, he argues that the trial court erred in imposing consecutive sentences because it failed to engage in an appropriate analysis of whether "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" as required by R.C. 2929.14(E)(4).
 {¶ 17} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional and severed those portions from Ohio's sentencing code. See State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Among these unconstitutional sections was R.C. 2929.14(E)(4), which requires certain judicial findings before the imposition of consecutive sentences. See Foster at paragraph one of the syllabus. As a result of the high court's severance of this provision from Ohio's felony sentencing scheme, judicial fact-finding is no longer required prior to the imposition of consecutive sentences. Id. at paragraph two of the syllabus. See, also, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 18} In this case, the trial court made findings under R.C.2929.14(E)(4) in order to impose consecutive prison terms. InFoster, the court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. See Foster at ¶ 104. In Mathis, the court reversed and remanded the sentences of defendants who, like appellant, argued that the court failed to make certain required findings under the statutes which the court held unconstitutional in Foster. Accordingly, appellant's third assignment of error is sustained and the decision imposing consecutive sentences is reversed and the case is remanded for resentencing on this issue.
 {¶ 19} In his first assignment of error, appellant contends that the trial court erred in sentencing him on both passing bad checks and theft by deception, as the two are allied offenses of similar import. At the hearing, the court seemed to indicate that it would merge the theft charge into the receiving stolen property charge and then run the passing bad checks charge consecutive to the receiving stolen property charge. We note that appellant has not argued on appeal that the receiving stolen property and passing bad check charges are allied offenses.
 {¶ 20} However, as discussed above, the trial court erred in sentencing appellant to both theft by deception and receiving stolen property instead of merging the theft by deception charge into the receiving stolen property charge, and must determine which of these offenses to merge. Accordingly, because this case must be remanded for trial court to merge the counts involving theft by deception and receiving stolen property, and to determine whether to run the sentences consecutively or concurrently, we find that appellant's first assignment of error is rendered moot.
 {¶ 21} Appellant's sentence is reversed and remanded for further proceedings consistent with this opinion.
Walsh, P.J., and Young, J., concur.