OPINION
{¶ 1} Defendant-appellant, Michael Williams, pled guilty to a third-degree felony charge of gross sexual imposition and was sentenced to four years in prison by entry dated October 31, 2002. The entry lacked any reference to a term of post-release control and the record is unclear whether appellant was notified at the sentencing hearing of any post-release *Page 2 
control requirements.[1] An amended entry dated December 4, 2002 adjusted appellant's jail-time credit but again made no reference to any post-release control requirements. No direct appeal was taken from either the October 31 or December 4 entries.
 {¶ 2} On March 16, 2006, prior to the expiration of his four-year prison term, appellant appeared before the trial court for another sentencing hearing at which time the court advised appellant that he would be subject to five years of post-release control and explained the requirements of post-release control. The trial court then issued an amended entry which adopted the terms of the October 31, 2002 entry and sentenced appellant to a five-year period of post-release control. The entry also incorporated the conditions of post-release control as explained at the hearing. This appeal followed.
 {¶ 3} Appellant's counsel, citing Anders v. California (1976), 386 U.S. 738, 87 S.Ct. 1396, initially moved to withdraw on the basis that the appeal was frivolous. Since counsel failed to file a brief with at least one potential error that "might arguably support the appeal" as required in such cases, we ordered counsel to comply with the dictatesof Anders and file a no error brief raising at least one potential assignment of error. See Id. at 744, 87 S.Ct. at 1400.
 {¶ 4} Counsel's brief presents an actual rather than potential assignment of error, and requests that the lower court's March 16 entry sentencing appellant to post-release control be vacated. Moreover, counsel did not comply with our directive to certify that a copy of the no error brief had been served upon appellant as required byAnders.
 {¶ 5} Under these circumstances, we can only assume that counsel is no longer treating this matter as a no error case and has elected to pursue an appeal on the merits. Accordingly, we deny counsel's motion to withdraw on the claimed basis that the appeal is *Page 3 
wholly frivolous and proceed to address the assignment of error presented in the brief.
 {¶ 6} As his sole assignment of error, appellant claims the trial court erred by resentencing him to a term of mandatory post-release control.
 {¶ 7} It is well-settled that when sentencing an offender, a trial court is required to notify the offender about post-release control requirements at the sentencing hearing and to incorporate that notice into its sentencing entry. State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085. Any sentence imposed without such notification is contrary to law and the proper remedy is to remand the matter for resentencing. Id. Clearly, an offender who has served his prison sentence and been discharged cannot, in the absence of appropriate post-release control notifications, be placed on post-release control after the completion of his prison term. See Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126.
 {¶ 8} In this case, appellant was brought before the trial court prior to the completion of his four-year prison term. At the March 16, 2006 hearing appellant received proper notification of post-release control requirements and those notifications were incorporated into a judgment entry resentencing him to post-release control.
 {¶ 9} Although appellant correctly notes that he was resentenced four months before R.C. 2929.191 went into effect, we see no prejudice in appellant's resentencing. The statute authorizes trial courts to conduct subsequent hearings to notify offenders of post-release control if not properly notified at the original sentencing hearing. Appellant's prison sentence had not expired and the trial court can resentence appellant to provide the appropriate notification of post-release control and incorporate that notice into its sentencing entry.
 {¶ 10} Appellant also argues that the trial court's action is invalid since it did not vacate the previously imposed prison sentence before imposing a post-release control sanction. Simply because the trial court did not vacate the four-year prison term and resentence appellant before imposing post-release control, it did not improperly enhance or add to *Page 4 
appellant's sentence.
 {¶ 11} The sole assignment of error is overruled and the trial court's judgment is affirmed.
WALSH and BRESSLER, JJ., concur.
[1] Since appellant was convicted of a felony sex offense, he was subject to a mandatory five-year period of post-release control. See R.C. 2967.28(B)(1). *Page 1