OPINION
{¶ 1} On January 28, 2004, defendant-appellant, Anthony W. Wilson, deposited a $96,920 "Canadian Postal Service" money order into his savings account at Sharefax Credit Union. A teller informed appellant that the money order was subject to a ten-day holding period while it was cleared through the Federal Reserve System. Appellant telephoned the credit union during this holding period and asked if he could withdraw part of the money, but his request was denied. The holding period was extended until February 18, 2004 when *Page 2 
Sharefax discovered that, because a foreign money order was involved, it had to be cleared through PNC Bank.
 {¶ 2} On February 18, 2004, appellant appeared at Sharefax and withdrew $90,000 of the money in cash. On the same day, appellant purchased a new Ford F-350 pick-up truck with cash and made other purchases. On March 2, 2004, Sharefax received a letter from PNC Bank stating that the money order was counterfeit.
 {¶ 3} Appellant was indicted on three charges: passing bad checks (Count 1); grand theft (Count 2); and receiving stolen property (Count 3). A jury found him guilty of all three charges and he was sentenced to 18 months of incarceration for each conviction. The court ordered the grand theft and receiving stolen property sentences to run concurrently with each other and consecutive to the sentence for passing bad checks, resulting in a total 36-month sentence.
 {¶ 4} Appellant appealed his convictions and sentence. See State v.Wilson, Clermont App. No. CA2005-10-096, 2006-Ohio-2945. In an opinion and judgment entry released on June 12, 2006, this court found that counts 2 and 3, grand theft and receiving stolen property, were allied offenses of similar import. This court further found that although the trial court indicated that it was going to merge counts 2 and 3, it instead sentenced appellant on each count and ordered the sentences to run concurrently. We accordingly reversed and remanded appellant's sentencing, directing the trial court on remand to "merge one offense into the other, so that appellant is only convicted of one of the offenses. Id. at ¶ 15. Appellant's sentence was also reversed and remanded because he had received consecutive sentences pursuant to judicial fact-finding no longer required prior to the imposition of consecutive sentences. Id. at ¶ 18; see State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 5} On remand, the trial court held a resentencing hearing on July 17, 2006. In a *Page 3 
resentencing entry filed on July 20, 2006, the trial court ordered appellant to "serve a prison term of Ct. #1: eighteen (18) months to beconsecutive with Ct. #2: eighteen (18) months, for a total stated prisonterm of thirty-six (36) months, Cts. #2 #3 are merged for purposes ofsentencing." Appellant now appeals from the resentencing decision and raises the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERED IN SENTENCING APPELLANT TO BOTH COUNTS #1 (PASSING BAD CHECKS) AND COUNT #2 (THEFT) AND RUNNING BOTH SENTENCES CONSECUTIVELY INSTEAD OF MERGING ALL COUNTS AS "ALLIED OFFENSES OF SIMILAR IMPORT." [sic]
 {¶ 7} As a preliminary matter, the state in its brief argues that the July 20, 2006 resentencing entry is not a final appealable order because it does not indicate which conviction, i.e., theft or receiving stolen property, survived the merger of counts 2 and 3. However, a plain reading of the language of the resentencing entry indicates that the trial court merged count 3 (receiving stolen property) into Count 2 (theft). The theft conviction therefore survived the merger. As it is well-established that a court of record speaks only through its journal entries, State ex rel. Fogel v. Steiner, 74 Ohio St.3d 158,1995-Ohio-278, it is not necessary to examine the trial court's intent further.
 {¶ 8} Turning to the assignment of error, when considering whether offenses are of similar import, the court must compare the statutory elements of the offenses in question and determine whether they correspond to such a degree that commission of one crime will result in the commission of the other. R.C. 2941.25(A); State v. Ranee,85 Ohio St.3d 632, 1999-Ohio-291. If the elements correspond, the defendant may not be convicted of both offenses unless the court finds the defendant committed each crime separately or with separate animus. Id.
 {¶ 9} Appellant was convicted of theft by deception, R.C.2913.02(A)(3), which *Page 4 
provides that no person shall, with purpose to deprive the owner of property or services, knowingly obtain or exert control over property or services by deception. He was also convicted of passing bad checks pursuant to R.C. 2913.11, which provides that no person, with purpose to defraud, shall issue or transfer, or cause to be issued or transferred, a check or other negotiable instrument knowing that it will be dishonored or knowing that there will be a stop payment order on the check or other negotiable instrument. The elements of these two offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other. Ranee. Passing bad checks requires that a negotiable instrument, such as a money order, be transferred or presented for payment knowing that it will be dishonored. Theft by deception requires obtaining control over property, such as the cash withdrawn by appellant, with the purpose of depriving the owner (in this case, Sharefax Credit Union) of the property.
 {¶ 10} It further appears from the facts of this case that the offenses of passing bad checks and theft by deception were committed separately and with separate animus. Appellant committed the passing bad checks offense when he presented the $96,920 Canadian Postal Service money order to Sharefax Credit Union for deposit into his savings account on January 28, 2004; he committed theft by deception when he withdrew $90,000 from his savings account 21 days later.
 {¶ 11} We accordingly conclude that the theft by deception and passing bad checks offenses were not offenses of similar import, and that appellant was properly sentenced for both offenses. The assignment of error is overruled.
 {¶ 12} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1