OPINION
{¶ 1} Defendant-appellant, Louis B. Creager, appeals the decision of the Clermont County Court of Common Pleas to resentence him to a period of postrelease control.
 {¶ 2} Appellant was sentenced in 2003 to four years in prison on his conviction for multiple counts of sexual battery. The trial court did not inform appellant at the original sentencing that he was subject to a mandatory five-year term of postrelease control. While *Page 2 
appellant was still serving this term in prison, the trial court appointed appellant counsel and brought appellant back for a resentencing hearing. During this hearing, appellant was informed that he was subject to five years of mandatory postrelease control, and the sentencing entry also stated that postrelease control was mandatory for a maximum of five years.
 {¶ 3} Appellant appealed, setting forth one assignment of error for this court's review:
 {¶ 4} "THE TRIAL COURT ERRED IN RESENTENCING APPELLANT TO POST-RELEASE CONTROL[.]"
 {¶ 5} Appellant argues that the state waived its right to assert that postrelease control was part of his sentence by failing to previously raise the issue on direct appeal and therefore, res judicata bars the trial court from adding postrelease control to his sentence.
 {¶ 6} The general rule is that a trial court loses jurisdiction to amend or modify a sentence once the sentence has been executed; however, Ohio courts recognize two exceptions to that general rule. State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18-19. A trial court retains continuing jurisdiction over a criminal case to correct a void sentence and to correct clerical errors in the judgment. Id. at ¶ 19.
 {¶ 7} R.C. 2929.14(F)(1) and 2967.28(B)(1) require a trial court to impose a mandatory five-year period of postrelease control for a felony sex offense, which would include appellant's charges of sexual battery under R.C. 2907.03. See, also, R.C. 2967.28(A)(3) (defining felony sex offense as a violation of offense in R.C. Chapter 2907 that is a felony).
 {¶ 8} In addition, R.C. 2929.19(B)(3)(c) requires the trial court to notify the offender at the sentencing hearing that he will be supervised under R.C. 2967.28 when he or she leaves prison after being sentenced for a felony sex offense. See State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, paragraph one of the syllabus (when sentencing a felony offender to a *Page 3 
term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence).
 {¶ 9} Any attempt by a trial court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. Jordan at ¶ 25, discussing State v. Beasley (1984),14 Ohio St.3d 74, 75. The trial court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of sentence. Jordan at ¶ 26.
 {¶ 10} Therefore, the trial court's failure to properly notify an offender about postrelease control results in a void sentence.Jordan at ¶ 25; Cruzado at ¶ 20; State v. Broyles, Stark App. No. 2006CA00170, 2007-Ohio-487, ¶ 13.
 {¶ 11} The proper remedy for improper notification of postrelease control is to resentence the offender. Jordan at ¶ 23; see State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus; State v.Williams, Fayette App. No. 2006-04-014, ¶ 7; State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, ¶ 6.[1]
 {¶ 12} When a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence, and the state's failure to appeal a void sentence does not negate the trial court's duty to resentence the defendant. Ramey at ¶ 12 (a trial court retains jurisdiction to correct void entry regardless of the state's failure to appeal); State v. Draper, Franklin App. No. 06AP-600,2007-Ohio-1240, ¶ 6; State v. Phillips, Logan App. No. 8-06-14,2007-Ohio-686. *Page 4 
 {¶ 13} Furthermore, the doctrine of res judicata does not bar the trial court from this duty. Ramey (where no authority exists to support a judgment, res judicata does not bar a trial court from correcting the error); see Broyles.
 {¶ 14} Accordingly, we reject appellant's assertions that the state's failure to appeal or res judicata bars the actions taken by the trial court in resentencing appellant.
 {¶ 15} Appellant also argues that he had a legitimate expectation of finality with regard to his sentence and adding postrelease control violated the prohibition against double jeopardy.
 {¶ 16} We disagree. As we previously discussed, the trial court's failure to sentence appellant to postrelease control in accordance with the law resulted in a void sentence. See State ex rel. Cruzado v.Zaleski, 2006-Ohio-5795 at ¶ 19-20 (where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant).
 {¶ 17} Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy. State v. Jordan, 104 Ohio St.3d at ¶ 25, citing State v.Beasley, 14 Ohio St.3d at 75.
 {¶ 18} An invalid sentence for which there is no statutory authority is "a circumstance under which there can be no expectation of finality" to trigger the protections of the Double Jeopardy Clause. State v.Ramey, 2006-Ohio-6429 at ¶ 16, citing State v. McColloch (1991),78 Ohio App.3d 42, 46.
 {¶ 19} Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence. Ramey at ¶ 17;State v. Merideth, Perry App. No. 06 CA 15, 2007-Ohio-176, ¶ 10-11;State v. Rich, Stark App. No. 2006 CA 0071, 2007-Ohio-362, ¶ 11-13. *Page 5 
 {¶ 20} Appellant's assignment of error is overruled. {1121} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] It is uncontested in the case at bar that appellant was still serving this specific prison term when he was brought back for the resentencing hearing, and the timing of the hearing is not a subject of this appeal. See, e.g., Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, ¶ 30-32 (trial court may only resentence the offender to give the required notice of post-release control if the offender's sentence has not yet expired); see generally, R.C.2929.191. *Page 1