OPINION
{¶ 1} Defendant-Appellant, Brian Powell, appeals the judgment of the Mercer County Court of Common Pleas resentencing him to notify him of post-release control. On appeal, Appellant asserts that the trial court could not impose post-release control at a later date; that, when post-release control is not imposed during the original sentencing, a defendant is not subject to post-release control; that, if post-release control may be imposed at a later date, the trial court must conduct a new sentencing hearing; that the State waived the issue of post-release control by failing to appeal it; and, that R.C. 2929.191 is unconstitutional. Based on the following, we affirm in part, reverse in part, and remand the judgment of the trial court.
 {¶ 2} In November 2003, Powell was charged by way of a bill of information with one count of burglary in violation of R.C.2911.12(A)(3), a felony of the third degree, and one count of forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. Subsequently, Powell entered a plea of guilty to both counts in the bill of information. Thereafter, the trial court sentenced Powell to a three-year prison term on the burglary conviction and to a ten-month prison term on the forgery conviction, to be served concurrent to each other but consecutive with a prior unrelated sentence. The trial court failed to *Page 3 
include any information about post-release control in its judgment entry of sentencing.
 {¶ 3} In June 2007, the State moved for a correction to the judgment of conviction concerning post-release control.
 {¶ 4} In July 2007, the trial court held a hearing pursuant to R.C.2929.191 and notified Powell that he may be subject to post-release control upon the completion of his prison term. The trial court also issued a judgment entry correcting the judgment of conviction concerning post-release control.
 {¶ 5} It is from this judgment that Powell appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I IF A TRIAL COURT DOES NOT ADVISE A DEFENDANT AT SENTENCING THAT POST RELEASE CONTROL IS OR MAY BE IMPOSED, IT MAY NOT DO SO AT A LATER DATE.
 Assignment of Error No. II WHEN A TRIAL COURT DOES NOT IMPOSE POST RELEASE CONTROL AT SENTENCING, THE APPROPRIATE ACTION IS TO RULE THAT THE DEFENDANT IS NOT SUBJECT TO POST RELEASE CONTROL. *Page 4 
 Assignment of Error No. III IF A TRIAL COURT IS AUTHORIZED TO IMPOSE POST RELEASE CONTROL AT A LATER TIME WHEN IT FAILED TO DO SO AT THE ORIGINAL SENTENCING, THE PROPER PROCEDURE IS A NEW, COMPLETE SENTENCING HEARING.
 Assignment of Error No. IV IF NO DIRECT APPEAL OF THE ORIGINAL SENTENCING OF APPELLANT WAS TAKEN BY THE STATE, IT MAY NOT NOW ASK THE COURT TO IMPOSE POST RELEASE CONTROL.
 Assignment of Error No. V ORC 2929.191 IS UNCONSTITUTIONAL FOR VIOLATION OF THE SINGLE SUBJECT RULE 11 (Sic) OF THE OHIO CONSTITUTION AND IN VIOLATION OF THE DUE PROCESS AND DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.
 {¶ 6} Due to the nature of Powell's assignments of error, we elect to address his assignments of error out of order and his first and second assignments of error together.
 Assignments of Error Nos. I II {¶ 7} In his first assignment of error, Powell asserts that, if a trial court fails to notify a defendant about post-release control at the time of the original sentencing, it may not do so at a later date. In his second assignment of error, Powell asserts that, where a trial court fails to notify a defendant of post-release *Page 5 
control during the original sentencing, the appropriate action is to rule that the defendant is not subject to post-release control. Essentially, Powell argues that the trial court's imposition of post-release control at a later date violated finality of sentencing and double jeopardy principles and that resentencing him post-Foster violated his due process rights. We disagree.
 {¶ 8} Generally, "once a sentence has been executed, the trial court loses jurisdiction to amend or modify the sentence." State v. Carr, 3d Dist. Nos. 14-05-48 to 14-05-50, 2006-Ohio-3073, ¶ 3, citing State v.Garretson (2000), 140 Ohio App.3d 554; see, also, State ex rel. Cruzadov. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18. However, trial courts do retain jurisdiction over their own final judgments in criminal cases under the following exceptions: (1) to correct a void sentence, see Cruzado, 111 Ohio St.3d at ¶ 19, and Garretson,140 Ohio App.3d at 559, citing State v. Beasley (1984), 14 Ohio St.3d 74, 75, and (2) to correct clerical errors in judgment. Cruzado, 111 Ohio St.3d at ¶ 19;Garretson, 140 Ohio App.3d at 559; Crim.R. 36.
 {¶ 9} R.C. 2929.14(F)(1) provides that, if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment. R.C. 2929.19(B)(3) requires that the sentencing court notify the offender that the *Page 6 
offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary. Id. at paragraph two of the syllabus;Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 18.
 {¶ 10} Further, the Court has held that a trial court's failure to properly notify an offender about post-release control is contrary to law and constitutes a void sentence and, therefore, falls under the first exception noted above. Jordan, 104 Ohio St.3d at ¶ 25;Cruzado, 111 Ohio St.3d at ¶ 20. Consequently, "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." Jordan, 104 Ohio St.3d at ¶ 23. However, a trial court's authority to resentence an offender to give the required notice of post-release control is limited to situations where the offender's sentence has not yet expired.Cruzado, 111 Ohio St.3d at ¶ 28; Hernandez, 108 Ohio St.3d at ¶¶ 31-32. *Page 7 
 {¶ 11} Moreover, such resentencing does not violate finality or double jeopardy restraints because jeopardy does not attach to a void sentence.Jordan, 104 Ohio St.3d at ¶ 25, citing State v. Beasley (1984),14 Ohio St.3d 74, 75 ("trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy"). Thus, "`an invalid sentence for which there is no statutory authority is * * * a circumstance under which there can be no expectation of finality' to trigger the protections of the Double Jeopardy Clause." State v. Ramey, 10th Dist. No. 06AP-245,2006-Ohio-6429, at ¶ 16, quoting State v. McColloch (1991),78 Ohio App.3d 42, 46.
 {¶ 12} In response to the Supreme Court of Ohio's holdings above, the General Assembly enacted R.C. 2929.191,[1] which applies in cases where the original sentencing occurred prior to the statute's effective date, July 11, 2006, and where the trial court failed to properly notify the offender of post-release control at the time of the original sentencing. R.C. 2929.191 provides, in pertinent part:
 (A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type [requiring mandatory post-release control] and failed to notify the offender pursuant to that division that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison or to *Page 8 include a statement of that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1)], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison.[2]
 * * *
 (2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc[3] to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender.[4] * * * The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of *Page 9 conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence [requiring mandatory post-release control] or that the offender may be so supervised regarding a sentence [requiring discretionary post-release control]. * * *
 * * *
 (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing * * *. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.
Thus, under R.C. 2929.191, a court retains its authority to conduct a resentencing hearing and issue a corrective entry before the offender is released from prison in order to correct a sentence that is void for failing to appropriately notify an offender about post-release control.
 {¶ 13} Here, Powell was convicted of one count of burglary, a felony of the third degree, and one count of forgery, a felony of the fifth degree, and sentenced to a prison term for each conviction. The trial court found that Powell did not cause or expect to cause physical harm to any person or property in committing the burglary offense. Accordingly, the trial court was required to notify Powell of discretionary post-release control for a period of up to three years for each offense. *Page 10 
R.C. 2967.28(C). The trial court originally sentenced Powell prior to July 11, 2006, failed to incorporate notice of post-release control in the judgment entry,[5] and conducted a resentencing hearing before his prison term expired. Thus, based on R.C. 2929.191 and Supreme Court of Ohio precedent, we find that the trial court had the authority to conduct the July 2007 hearing to impose post-release control and to issue its subsequent corrective entry. We also find that doing so did not violate finality of sentencing or double jeopardy principles.
 {¶ 14} Alternatively, Powell argues that resentencing him afterState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, would violate his due process rights and that he may withdraw his guilty plea if he so chooses. Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void. 109 Ohio St.3d at ¶ 100. However, this Court has held on numerous occasions that applying Foster on a remand for resentencing does not violate due process. See State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20, *Page 11 
and subsequent cases citing to it. Moreover, the statutory sentencing range for third and fifth degree felonies has not changed, see R.C.2929.14(A)(3),(5), and the presumption of vindictiveness principles regarding increased sentences still apply to cases on remand for resentencing. See State v. Troglin, 3d Dist. No. 14-06-57,2007-Ohio-4368, at ¶ 21 (citations omitted). Also, Powell's assertion that he could withdraw his guilty plea if he so chooses is purely speculative at this juncture.
 {¶ 15} Accordingly, we overrule Powell's first and second assignments of error.
 Assignment of Error No. IV {¶ 16} In his fourth assignment of error, Powell asserts that the trial court may not impose post-release control at a later date unless the State directly appeals the original sentence. Specifically, Powell contends that the State waived the issue by failing to raise it on direct appeal pursuant to Foster, supra. We disagree.
 {¶ 17} We note at the outset that Foster is inapplicable to Powell's argument because it only briefly addressed the issue of waiver and rejected the State's argument that Foster had waived an issue. See 109 Ohio St.3d at ¶¶ 30-33. Presumably, Powell meant to cite the Supreme Court of Ohio's recent decision in State v. Payne, wherein the Court explained that, in certain situations, a sentence *Page 12 
cannot be set aside unless successfully challenged on direct appeal.114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 28. However, Powell's reliance on this principle is misplaced. Payne held that a defendant's failure to object at trial to a sentence that violates Blakely v. Washington
(2004), 542 U.S. 296, forfeits the issue on appeal.[6] Payne, 114 Ohio St.3d at paragraph one of the syllabus. In doing so, the Court explained that the defendant's sentence was merely voidable, not void, and that voidable sentences can only be set aside if successfully challenged on direct appeal. Id. at ¶ 28. Conversely, a sentence imposed contrary to a statute is void ab initio. Id. ¶ 29, fn.3.
 {¶ 18} In the case sub judice, it is clear that a trial court's failure to notify a defendant about post-release control at the time of the original sentencing as statutorily mandated renders the sentence void. See Jordan, 104 Ohio St.3d at ¶ 25 and its progeny. Thus, the State's failure to appeal an illegal or void sentence does not negate the trial court's duty to impose sentences according to law or to resentence a defendant to correct a void sentence. Ramey, 2006-Ohio-6429
at ¶ 12, citing State v. Thomas (1996), 111 Ohio App.3d 510, 512, appeal not allowed, 77 Ohio St.3d 1469; see, also, State v. Creager, 12th Dist. No. 2007-01-007, 2007-Ohio-5188, *Page 13 
at ¶ 12; State v. Phillips, 3d Dist. No. 8-06-14, 2007-Ohio-686, at ¶ 28. Additionally, R.C. 2929.191 authorizes a court to resentence an offender "at any time before the offender is released from imprisonment" and, therefore, is not limited to doing so only on direct appeal by the State. See, e.g., State v. Sharpless, 11th Dist. No. 2006-P-0088,2007-Ohio-1922, at ¶ 40. Because the trial court's failure to notify Powell about post-release control at the time of his original sentencing was void, we find that the State did not forfeit the issue by failing to raise it on direct appeal.
 {¶ 19} Accordingly, we overrule Powell's fourth assignment of error.
 Assignment of Error No. III {¶ 20} In his third assignment of error, Powell asserts that, if the trial court is authorized to impose post-release control at a later date when it failed to do so at the original sentencing, the proper procedure is a new, complete sentencing hearing. We agree.
 {¶ 21} As noted above, R.C. 2929.191(C) requires a trial court to conduct a resentencing hearing in order to notify felony offenders about post-release control before their prison terms expire. However, in doing so the General Assembly did not specify whether the resentencing hearing was to be a de novo resentencing of the entire sentence or whether addressing the sole issue of post-release control *Page 14 
would suffice. Thereafter, the Supreme Court of Ohio clarified the issue by holding that, "when a trial court fails to notify an offender that he may be subject to post-release control at a sentencing hearing * * *, the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence."State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 16.
 {¶ 22} Here, the trial court conducted a resentencing hearing pursuant to R.C. 2929.191(C) before issuing its corrective judgment entry. However, the trial court failed to conduct a new and complete resentencing hearing as required under Bezak. Instead, the trial court merely advised Powell that he would be subject to post-release control and memorialized it in the subsequent July 2007 corrective entries. Thus, we find that the trial court was required to conduct a new, complete resentencing hearing and erred in failing to do so.
 {¶ 23} Accordingly, we sustain Powell's third assignment of error, vacate the July 2007 corrective entry, and remand to the trial court with instructions to conduct a de novo resentencing hearing before Powell's prison term expires in order to impose a new sentence for his offense and to notify him of the *Page 15 
discretionary period of up to three years of post-release control.[7]
 Assignment of Error No. V {¶ 24} In his fifth assignment of error, Powell asserts that R.C.2929.191 is unconstitutional because it violates the one-subject rule, the due process clause, and the double jeopardy clause of the United States and Ohio Constitutions. Specifically, Powell contends that R.C.2929.191 violates the one-subject rule because it was added on to a bill involving the sealing of juvenile records and that it violates the due process and double jeopardy clauses because it increases the punishment for a defendant after the time for appeal has run. We disagree.
 {¶ 25} Statutes are presumed to be constitutional. State v.Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 7. Thus, a court may not declare a statute to be unconstitutional unless it appears beyond a reasonable doubt that "the legislation and constitutional provisions are clearly incompatible." Id., citing State ex rel. Dickman v.Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus.
 {¶ 26} The one-subject rule is set forth in Section 15(D), Article II
of the Ohio Constitution, which provides that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title * * *." The purpose of the *Page 16 
one-subject rule is to prevent the tactic of "logrolling," which occurs when legislators combine several distinct proposals into a single bill in order to gain passage, even though no single proposal may have obtained majority approval separately. State ex rel. Ohio Civ. Serv.Employees Assn., AFSCME, Local 11, AFL-CIO v. State Emp. RelationsBd, 104 Ohio St.3d 122, 2004-Ohio-6363, at ¶ 26, (citations omitted).
 {¶ 27} However, to avoid interference with the legislative process, a court's role in enforcing the one-subject rule is limited. Id. at ¶ 27. Thus, "`[t]he mere fact that a bill embraces more than one topic is not fatal, as long as a common purpose or relationship exists between the topics.'" State ex rel. Ohio Academy of Trial Lawyers v. Sheward,86 Ohio St.3d 451, 496, 1999-Ohio-123, quoting Hoover v. Franklin Cty Bd.of Commrs. (1985), 19 Ohio St.3d 1, 6. Accordingly, only "a manifestly gross and fraudulent violation of the one-subject provision * * * will cause an enactment to be invalidated." In re Nowak, 104 Ohio St.3d 466,2004-Ohio-6777, at ¶ 54. To determine whether a manifestly gross and fraudulent violation has occurred, courts need not look beyond the unnatural combinations themselves. Instead, "`an analysis of any particular enactment is dependent upon the particular language and subject matter of the proposal,' rather than upon extrinsic evidence of logrolling, and thus `an act which contains such unrelated *Page 17 
provisions must necessarily be held to be invalid in order to effectuate the purpose of the rule.'" Id. at ¶ 71, quoting State ex rel. Dix v.Celeste (1984), 11 Ohio St.3d 141, 143, 145.
 {¶ 28} Here, Powell first argues that R.C. 2929.191 violates the one-subject rule because it was added on to a bill involving the sealing of juvenile records. The General Assembly enacted R.C. 2929.191 under Am. Sub. H.B. 137, which was titled "Delinquent and Unruly Children — Sealed Records — Post-Release Control Law." The bill contained several procedural and remedial provisions regarding both juvenile and adult criminal justice issues. Upon reviewing the language of Am. Sub. H.B. 137, we cannot find that the provisions are so unrelated as to constitute a manifestly gross or fraudulent violation of the one-subject rule. Although the bill contains provisions regarding both juvenile delinquency matters and adult criminal matters, they involve a common theme-criminal justice matters — and are all procedural or remedial in nature. Thus, we find that R.C. 2929.191 does not violate the one-subject rule.
 {¶ 29} Next, Powell argues that R.C. 2929.191 violates the due process and double jeopardy clauses because it increases the punishment for a defendant after the time for appeal has run. Basically, Powell reiterates the same argument that we rejected in his first and second assignments of error, and we reject it here for *Page 18 
the same reasons. Notice of post-release control is a statutorily mandated term of a sentence and correction of a void sentence for failure to include such statutory notice does not somehow enhance the punishment or violate the constitution. Sharpless, 2007-Ohio-1922
at ¶ 36. Nor was such resentencing unforeseeable after Jordan and its progeny. State v. Ryan, 172 Ohio App.3d 281, 2007-Ohio-3092, at ¶ 19. Indeed, the procedure set forth in R.C. 2929.191 codified, and is basically consistent with, Supreme Court of Ohio precedent on this issue, as recognized with approval in Cruzado, 111 Ohio St.3d at ¶ 29. See, also, Bezak, supra.
 {¶ 30} Accordingly, we overrule Powell's fifth assignment of error.
 {¶ 31} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued in his first, second, fourth, and fifth assignments of error, but having found error prejudicial to the appellant herein, in the particulars assigned and argued in his third assignment of error, we affirm in part, reverse in part, and remand the judgment to the trial court for further proceedings consistent with this opinion.
Judgment Affirmed in Part,
Reversed in Part, and
 Cause Remanded.
 SHAW, P.J. and PRESTON, J., concur.
[1] We note that the General Assembly also amended R.C. 2967.28,2929.14(F), and 2929.19(B)(3)(c)-(e), to provide that, on or after July 11, 2006, a trial court's failure to notify an offender about post-release control at sentencing or in the sentencing entry "does not negate, limit, or otherwise affect" either a mandatory period of post-release control or the parole board's authority to impose a prison term where post-release control is discretionary. However, these amendments do not apply here given Powell's original sentencing was prior to July 11, 2006.
[2] R.C. 2929.191(A)(1) also includes a nearly identical paragraph pertaining to discretionary post-release control.
[3] We note that the requirement under R.C. 2929.191(A)(2) that a trial court issue an entry nunc pro tunc is technically incorrect because "nunc pro tunc entries `are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." Cruzado, 11 Ohio St.3d at ¶ 19, citing State ex re. Mayer v.Henson, 97 Ohio St.3d 276, 2002-Ohio-6323, ¶ 14, quoting State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164.
[4] Although not pertinent here, we note that Crim.R. 43(A) requires that defendants be present at every stage of their criminal proceedings, including imposition of their sentences. See, e.g., State v.Haymon, 5th Dist. No. 2005CA00163, 2006-Ohio-3296; State v.Caudill, 5th Dist. No. 04COA58, 2005-Ohio-970; City of Columbus v.Rowland (1981), 2 Ohio App.3d 144. Additionally, at least one court has found that sentencing via videoconferencing does not constitute sufficient presence under Crim.R. 43(A). See State v. Moore, 8th Dist. No. 86244, 2006-Ohio-816.
[5] We note that Powell also contends that the trial court failed to inform him of post-release control during the original sentencing hearing. However, given Powell did not include transcripts of that hearing, we must presume regularity in the trial court proceedings.State v. West, 3d Dist. No. 2-06-04, 2006-Ohio-5834, ¶ 53, citingState v. Estrada (1998), 126 Ohio App.3d 553, 556, and App.R. 9(B). Even if the trial court also failed to notify Powell of post-release control at the original sentencing hearing, it would not change our disposition.
[6] The Court also emphasized that a waiver and a forfeiture are not interchangeable and that a waiver is an "intentional relinquishment or abandonment of a right," whereas a forfeiture is "a failure to preserve an objection." Payne, 114 Ohio St.3d at ¶ 23. Forfeiture is the appropriate term in this case.
[7] However, we note that it appears from the December 2003 Notice of Commitment and Calculation of Sentence contained in the record that Powell's calculated release date was to be October 23, 2007. If this is correct and Powell's prison term has expired, he cannot be resentenced on remand in order to notify him of post-release control. SeeBezak and Hernandez, supra. *Page 1