OPINION
{¶ 1} Defendant-appellant, Daniel Baxter James, appeals the Clermont County Court of Common Pleas decision resentencing him to a period of postrelease control after he pled guilty to felonious assault, aggravated robbery, and grand theft.
 {¶ 2} In 1997, appellant was sentenced to serve a total of 19 years in prison after pleading guilty to the above noted charges. It is undisputed, however, that the trial court did *Page 2 
not inform appellant that he was subject to a mandatory five-year term of postrelease control at the original sentencing hearing or in its judgment entry of sentencing. Thereafter, on March 13, 2008, while he was still serving his original prison term, the trial court brought appellant back for a resentencing hearing to add postrelease control to his sentence. During this resentencing hearing, appellant was sentenced to serve 19 years in prison and told that he would be subject to five years of mandatory postrelease control following his release. The judgment entry of resentencing, besides noting postrelease control would be mandatory for a period of five years, also stated that the trial court found "pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term[.]" (Emphasis in original).
 {¶ 3} Appellant now appeals the trial court's resentencing decision, raising four assignments of error. For ease of discussion, appellant's assignments of error will be addressed out of order.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN RESENTENCING APPELLANT TO POST-RELEASE CONTROL."
 {¶ 6} Appellant, in his first assignment of error, initially claims the trial court erred in resentencing him because the state waived its right to assert that postrelease control was part of his sentence by failing to previously raise the issue on direct appeal, and that the doctrine of res judicata bars the trial court from adding postrelease control to his sentence. These arguments lack merit.
 {¶ 7} The general rule is that the trial court "lack[s] authority to reconsider [its] own valid final judgments in criminal cases," and therefore, once a sentence has been executed, it loses jurisdiction to amend or modify the sentence. State v. Staley, Madison App. No. CA2006-10-045, 2007-Ohio-3154, ¶ 11, quoting State ex rel. Cruzado v.Zaleski, *Page 3 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18; State v. Creager, Clermont App. No. CA2007-01-007, 2007-Ohio-5188, ¶ 6. However, Ohio courts, including this court, recognize two exceptions to the general rule; namely, the trial court retains continuing jurisdiction to correct a void sentence, as well as to correct a clerical error in the judgment. Creager at ¶ 6, citing Cruzado at ¶ 19.
 {¶ 8} Pursuant to R.C. 2967.28(B)(1), a trial court must impose upon an offender a mandatory five-year period of postrelease control for a felony of the first degree, which includes appellant's conviction of felonious assault, in violation of R.C. 2903.11(A)(1), and aggravated robbery, in violation of R.C. 2911.01(B). In addition to the requirements found in R.C. 2967.28(B)(1), R.C. 2929.19(B)(3) requires the trial court to notify the offender at the sentencing hearing that he will be subject to postrelease control supervision upon his release from prison. Creager at ¶ 8; see State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, paragraph one of the syllabus.
 {¶ 9} The Ohio Supreme Court has unequivocally held that "any attempt by a trial court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity and void."Creager at ¶ 9; Jordan at ¶ 25, discussing State v. Beasley (1984),14 Ohio St.3d 74, 75. As a result, because the trial court's duty to notify a felony offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of sentence, the trial court's failure to properly notify a felony offender about postrelease control results in a void sentence. Creager at ¶ 9, 10; Jordan at ¶ 25, 26; Cruzado at ¶ 20.
 {¶ 10} That being said, when an original sentence is void due to the trial court's failure to provide notification of postrelease control, the proper remedy is to resentence the offender. Creager at ¶ 11;Jordan at ¶ 23; see, also, State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, syllabus; State v. Ramey, Franklin App. No. 06AP-245,2006-Ohio-6429, ¶ 6. In turn, when a sentence is void because it does not contain a statutorily mandated term, such as the case *Page 4 
here, the state's failure to directly appeal the void sentence does not negate the trial court's duty to resentence the offender correctly.Creager at ¶ 12; Jordan at ¶ 22-23.
 {¶ 11} It is clear that the trial court's failure to notify appellant about the statutorily mandated postrelease control at the time of his original sentencing renders his sentence void. State v. Watt,175 Ohio App.3d 613, 2008-Ohio-1009, ¶ 20. As a result, and contrary to appellant's claim, the state's failure to directly appeal the void sentence does not negate the trial court's duty to impose sentences according to law or to resentence him to correct his originally void sentence. Id.; see, also, State v. Williams, Fayette App. No. CA2006-04-014, 2007-Ohio-685, ¶ 7; Ramey at ¶ 6 (a trial court retains jurisdiction to correct a void entry regardless of the state's failure to appeal).
 {¶ 12} Furthermore, R.C. 2929.191 authorizes the trial court to resentence an offender "at any time before the offender is released from imprisonment," and as a result, the trial court is not limited in its ability to correct a void sentence only on direct appeal by the state.Watt at ¶ 20; see, also, State v. Powell, Mercer App. No. 10-07-12,2008-Ohio-1012, ¶ 18. Therefore, because the trial court's failure to notify appellant about postrelease control at the time of his original sentence was void, we find that the state did not waive the issue by failing to raise it on direct appeal. Watt at ¶ 20; Powell at ¶ 18.
 {¶ 13} In addition, Ohio courts have overwhelmingly rejected appellant's argument that his original sentence is res judicata because the state failed to raise the issue of postrelease control on direct appeal. Creager at ¶ 13; Staley, 2007 Ohio-3154 at ¶ 16; see, also,State v. Balderson, Stark App. No. 2006-CA-00226, 2007-Ohio-2463;State v. Sharpless, Portage App. No. 2006-P-0088, 2007-Ohio-1922, ¶ 40 (the Ohio Supreme Court recognizes an exception to the doctrine of res judicata to correct an invalid sentence). Therefore, we also reject appellant's assertion that res judicata somehow bars the actions taken by the trial court in resentencing him accordingly. See Creager
at ¶ 14. *Page 5 
 {¶ 14} Next, appellant argues that he had a legitimate expectation of finality with regard to his original sentence and the addition of mandatory postrelease control at the resentencing hearing violated the prohibition against double jeopardy. However, and again contrary to appellant's claim, "[a]n invalid sentence for which there is no statutory authority is `a circumstance under which there can be no expectation of finality' to trigger the protections of the Double Jeopardy Clause." Creager at ¶ 18, quoting Ramey at ¶ 16. As a result, because jeopardy did not attach to appellant's void sentence, the trial court did not violate his constitutional guarantee against double jeopardy in later correcting his sentence to include the mandatory five-year postrelease control term. Creager at ¶ 19; see, also,Watt at ¶ 13; Powell at ¶ 13. Accordingly, appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 4:
 {¶ 16} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON BOTH THE AGGRAVATED ROBBERY AND FELONIOUS ASSAULT COUNTS AS THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT."
 {¶ 17} Appellant, in his fourth assignment of error, argues that the trial court erred in sentencing him on both his aggravated robbery and felonious assault convictions because they are allied offenses of similar import. However, there is no indication appellant raised this issue at his original 1997 sentencing, or at his 2008 resentencing hearing. It is well-established that an appellant's failure to raise an argument with regard to allied offenses in the trial court constitutes a waiver of that argument on appeal. State v. Comen (1990),50 Ohio St.3d 206, 211; State v. Smith, 80 Ohio St.3d 89, 118, 1997-Ohio-355;State v. Yarbrough, 104 Ohio St.3d 1, ¶ 96, 2004-Ohio-6087. However, a number of Ohio courts, including this court, have found the doctrine of plain error applicable to the waiver of allied offense arguments. SeeState v. Crowell (June 14, 1999), Preble App. No. CA98-10-019 (applying plain error analysis to defendant's waiver of allied offense argument and finding no *Page 6 
 {¶ 18} Regardless, earlier decisions from this court, as well as many other Ohio courts, have determined that aggravated robbery and felonious assault are not allied offenses of similar import. See State v.Ferguson (1991), 71 Ohio App.3d 342, 347; State v. Sherman (May 7, 2001), Clermont App. No. CA99-11-106, at 4, 2001 WL 473795; State v.Yenser (Jan. 26, 1983), Butler App. No. CA82-04-04, 1983 WL 4270; see, also, State v. Preston (1986), 23 Ohio St.3d 64; State v. Allen (1996),115 Ohio App.3d 642; State v. Sowell (May 27, 1993), Cuyahoga App. No. 62601, 1993 WL 180216. Therefore, because aggravated robbery and felonious assault are not allied offenses of similar import, the trial court did not err in sentencing appellant on both charges, let alone commit plain error. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED WHEN IT APPLIED UNCONSTITUTIONAL STATUTORY PROVISIONS AND ENGAGED IN PROSECRIBED [sic] JUDICIAL FACTFINDING AT SENTENCING."
 {¶ 21} Ohio's sentencing statutes have been the subject of much scrutiny and modification. State v. Trewartha, Franklin App. Nos. 05AP-513, 05AP-514, 2006-Ohio-5040, ¶ 27. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that R.C. 2929.14(B), (C), and 2929.19(B)(2), which required judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or a defendant's admission, and R.C. 2929.14(E)(4) and2929.41(A), which required judicial fact-finding before imposition of consecutive sentences, were unconstitutional under Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348. Id. As a result, theFoster court "severed" these provisions from Ohio's sentencing scheme and held that trial courts "have full discretion to impose a prison sentence *Page 7 
within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Stepp, Butler App. No. CA2007-05-117,2008-Ohio-4305, ¶ 86, citing Foster at paragraphs two, four and seven of the syllabus.
 {¶ 22} Appellant, in his third assignment of error, essentially claims that the trial court engaged in the very type of judicial fact finding that had been declared unconstitutional and excised by the Ohio Supreme Court in Foster. Therefore, according to appellant, becauseFoster required remand for resentencing in all cases in which such a procedure had been followed, resentencing is also required here. We agree.
 {¶ 23} Appellant initially argues that the trial court imposed the maximum sentence for his aggravated robbery conviction, a felony in the first degree, only after improperly making findings pursuant to the unconstitutional and excised R.C. 2929.19(B)(2), which, as stated previously, required trial courts to make a finding of its reasons for imposing a maximum sentence, when it noted that he "committed the worst form of the offense and [that he] posses[ed] the greatest likelihood of recidivism," language mirroring that found in R.C. 2929.14(C).
 {¶ 24} However, contrary to appellant's claim, "Foster did not prevent sentencing judges from considering any relevant sentencing factors, even sentencing factors that may have been listed in the statutes that were declared unconstitutional." State v. Thomas, Mahoning App. No. 06 MA 185, 2008-Ohio-1176, ¶ 15. Instead, Foster only eliminated the statutory requirement of judicial fact-finding as a prerequisite to imposing certain types of sentences. Id.
 {¶ 25} The record in this case does not contain any indication that the trial court was constrained by the judicial fact-finding requirements of R.C. 2929.19(B)(2), or R.C. 2929.14(C), in sentencing appellant to the maximum prison term for his aggravated robbery *Page 8 
conviction as neither of those statutes were cited to at the resentencing hearing or in the judgment entry of resentencing. The mere fact that the trial court used language from R.C. 2929.14(C) to explain a sentencing decision does not affect the sentence of appellant.State v. Dover, Stark App. No. 2007-CA-00140, 2008-Ohio-1071, ¶ 129. As a result, appellant has not pointed to anything in the record to establish that the trial court relied on the former judicial factfinding requirements of R.C. 2929.19(B)(2), or R.C. 2929.14(C), in imposing the maximum sentence for his aggravated robbery conviction. SeeThomas at ¶ 14-17.
 {¶ 26} That being said, however, there is a clear indication in the record that the trial court relied on and applied R.C. 2929.14(B), one of the many statutes declared unconstitutional and excised inFoster, when handing down appellant's sentence.
 {¶ 27} This issue was addressed by the Seventh District Court of Appeals in State v. Profanchik, Mahoning App. No. 06-MA-143,2007-Ohio-6430. In Profanchik, the offender pled guilty to burglary and possession of cocaine. Id. at ¶ 5. Thereafter, at the sentencing hearing, the trial court deviated from the minimum sentence on both of the offender's counts without making any reference to R.C. 2929.14(B). Id. at ¶ 15. However, in its judgment entry of sentence, the court stated the following:
 {¶ 28} "The Court further finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term." Id. at ¶ 14.
 {¶ 29} In remanding the case back to the trial court for resentencing, the court determined that "the trial court erred by citing to and relying on R.C. 2929.14(B) in its judgment entries of sentence," and that "it is error and a violation of Foster to expressly cite and rely upon a statutory provision which was specifically found to be unconstitutional by the Ohio Supreme Court." Id. at ¶ 23, 25. The court continued by noting that the "[trial] court specifically stated thatpursuant to R.C. 2929.14(B) it found that the shortest prison term *Page 9 
would demean the seriousness of the offense and would not adequately protect the public. This called into question whether the court followed the requirements of Foster." (Emphasis in original.) Id. at ¶ 25. In concluding, the court found that "had the trial court simply used this factor, * * * [the offender's] sentence would not be in violation ofFoster. However, [because] the court specifically cited to and relied upon the now excised R.C. 2929.14(B)[,] * * * the court's judgment entry reads in violation of the Foster holding." Id. at ¶ 26.
 {¶ 30} In this case, the trail court's judgment entry of resentencing contains precisely the same language used in Profanchik. Here, just as in Profanchik, the trial court did not cite to the severed statutory section at the resentencing hearing, but the judgment entry of resentence explicitly stated, again, just as in Profanchik, that "[t]he [c]ourt finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term[.]" The trial court then listed a number of factors it relied on and considered in making its decision to impose a greater than minimum sentence, apparently as a direct result of the requirements of R.C. 2929.14(B). It is well-established that a court of record speaks only through its journal entries, and therefore, it is not necessary to examine the trial court's intent further. State v. Wilson, Clermont App. No. CA2006-09-068, 2007-Ohio-5187, ¶ 7, citing State ex rel. Fogel v.Steiner, 74 Ohio St.3d 158, 1995-Ohio-278. Therefore, because "the court cannot cite a severed and excised unconstitutional statute without calling into question whether the court actually followed the requirements of Foster," and because the error that occurred inProfanchik is precisely the same error that occurred in the case at bar, we vacate appellant's sentence and remand the case for resentencing pursuant to Foster. Profanchik at ¶ 23, 26; see, also, State v.Moore, Mahoning App. No. 06 MA 60, 2007-Ohio-1574.
 {¶ 31} Upon remand, the trial court can, in its statutorily unfettered sentencing discretion, consider whatever factors the court deems appropriate for sentencing. However, *Page 10 
the court cannot cite a severed and excised unconstitutional statute without calling into question whether the court actually followed the requirements of Foster. Moore at ¶ 14. Appellant's third assignment of error is sustained.
 {¶ 32} Assignment of Error No. 2:
 {¶ 33} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS AS THE RECORD DOES NOT SUPPORT SUCH A SENTENCE."
 {¶ 34} As a result of our resolution of appellant's first, third, and fourth assignments of error, his second assignment of error is rendered moot.
 {¶ 35} The trial court's judgment is reversed as to sentencing only, and this cause is remanded to the trial court for resentencing in accordance with Foster and with the law of this state.
 {¶ 36} Judgment affirmed in part, reversed in part, and remanded.
WALSH, P.J., and YOUNG, J., concur. *Page 1